[Civ. No. 9342.  First Appellate District, Division Two.—March 7, 1934.]

THE FIRST ENGLISH EVANGELICAL LUTHERAN CHURCH OF LOS ANGELES et al., Respondents, v. WILLIAM S. DYSINGER et al., Appellants.

Salisbury & Robinson and B. R. Ware for Appellants.

Holcomb & Holcomb and Clarence B. Runkle for Respondents.

BURROUGHS, J., *pro tem.*—This case was before this court upon a previous appeal. (See *First English Evangelical Lutheran Church* v. *Dysinger,* 120 Cal. App. 139 [6 Pac. (2d) 522].) A judgment in favor of the defendants was reversed and upon a second trial judgment went for plaintiffs and the defendants have appealed therefrom. The facts of the first trial are stated in the opinion of the court and substantially the same evidence was introduced on the second trial. In the decision of the Court of Appeal above referred to certain principles of law were enunciated which thereby became the ''law of the case'', and unless upon the subsequent trial the facts were essentially different, the law as determined by the previous decision is binding upon both the trial and the appellate courts. (2 Cal. Jur., pp. 944, 950, 951, secs. 555, 557.) At the second trial the defendants sought to amend their answer, but the application was denied. Thereupon counsel for defendants made an offer of proof of new evidence, which offer was rejected by the court. If the offered evidence was material then the court erred in rejecting it and the case should be remanded.

Some of the principles of law laid down by the previous decision are concretely stated in respondents' brief as follows:

''First, the polity of this church organization is the type variously called Federated, Associated or Presbyterial. Civil courts, for their purposes, divide church polity into two classes. The other is known as the Congregational or Independent type. In it the local congregations are purely

autonomous units, completely independent of any superior body. On the former appeal plaintiffs contended for the Federated polity and defendants for the Congregational. The court sustained plaintiffs. Appellants now say that the decision only inferentially adopts the Federated type. True, it does not say in so many words, 'The polity here is Federated.'

"Second, defendants' attempted amendments to the local congregation's constitution were illegal and void.

"Third, the ecclesiastical decree of the Synod establishing plaintiffs as the lawful congregation is binding upon the civil court.

"Fourth, the relative sizes of the two factions, the questions of majority and minority, are wholly immaterial."

An examination of the offered evidence does not disclose anything whatever which tends to bear upon the question that the policy of the church organization is not of the federated, associated or presbyterial type. Nothing has been offered by way of new evidence which discloses that the attempted amendments to the local congregation's by-laws were other than illegal and void. The offered evidence seems to be intended for the purpose of having this court review the decree of the synod ousting the defendant Dysinger from the pastorate of the church and establishing the plaintiffs as the lawful congregation thereof. The offered evidence relates to the appointment of a special committee by the president of the synod for the purpose of investigating and reporting to him as to the action which should be taken in the factional difficulties existing among the members of the congregation of the church and also recommending that another committee of investigation be appointed. The next document offered consists of the report of the investigating committee recommending two certain plans of action, the first one of which relates to the retirement of the pastor from the church work. The second plan proposed relates to a division of the members of the church into two separate churches and dividing the property of the organization among the congregation according to the membership of each faction. The next offer of evidence is a letter which was written and circulated by certain members of the congregation proposing the adoption of the first plan above referred to, at the annual congrega-

tional meeting of the church. This document is followed by a further offer to prove that at the congregational meeting last referred to the plan number one was adopted by a vote of 185 as against 170, but that at least seventy-five of the affirmative votes were cast by nonmembers; that the said congregational meeting was then adjourned until a later date, at which time a motion to rescind the resolution last referred to was made, but the motion was tabled because proper notice thereof had not been given to the members as required by the rules of the church organization; that at said meeting the whole of the report of the synod was rejected; that thereafter another congregational meeting was called by the council to meet on October 14, 1925, at which time the first plan above referred to would be considered; that at said meeting a motion was made and carried to rescind the action previously taken on the first plan by a vote of 205 to 114. Another document offered in evidence is a letter written by one Daniel J. Snyder protesting against the meeting to be held on October 14, 1925. There was further offered a citation issued by the president of the California synod directed to the defendant Dysinger to appear before a committee and answer certain charges of insubordination, etc. There is also set forth an answer to the citation above referred to which, among other things, denied the matters charged in the citation. Many other offers of new evidence were made by the appellants which were rejected by the court, but they were all, so far as their materiality to the issues involved, similar in character to the ones which we have specifically referred to. It is clear that none of these offers is relevant or material to the issue that the ecclesiastical decree of the synod is not final and binding upon this court. (*First English Evangelical Lutheran Church* v. *Dysinger, supra; Permanent Committee of Missions* v. *Pacific Synod,* 157 Cal. 105 [106 Pac. 395]; *Horseman* v. *Allen,* 129 Cal. 131 [61 Pac. 796]; *Watson* v. *Jones,* 80 U. S. (13 Wall.) 679 [20 L. Ed. 666].) Nothing has been offered in the way of new evidence to show that the holding of the court in the previous decision that the relative sizes of the two factions, that is, the questions of majority and minority, are not wholly immaterial.

No new evidence that is material to the issues involved having been offered by the appellants, it is clear that the

"law of the case" as established in the previous decision of this court is binding upon us and requires an affirmance of the judgment. Such being the case, it becomes unnecessary to discuss any of the other matters presented by appellants.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1934.